IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MUTH, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RONDEL AT ATLAS TERRACE, LLC, | : | |
| ET AL., | : | |
|     Defendants | : | NO. 08-0476 |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                                                    JANUARY 8, 2009

      This case concerns a contractual indemnification clause between a contractor, subcontractor and property owner regarding liability for injuries sustained by the subcontractor's employee during a workplace accident. John Muth, while working on a roof on February 2, 2008, fell 30 feet and sustained severe injuries. Following this construction accident, Mr. Muth filed a Complaint against his own employer, subcontractor Thomas D. Moskella d/b/a TDM Construction ("TDM"), as well as the property owner, Rondel at Atlas Terrace, LLC ("Rondel"). Rondel filed an Amended Answer with Cross-Claim against TDM, seeking indemnification. TDM then filed a Motion to Dismiss the Complaint and Cross-claim, arguing that it is immune from liability under the Pennsylvania Workers' Compensation Act. For the reasons discussed below, the Court will grant TDM's Motion to Dismiss.

**FACTUAL AND PROCEDURAL HISTORY**

      In his Complaint, Mr. Muth alleges that Rondel was the owner of property at 110 Sycamore Court, in Northampton, Pennsylvania (the "Property") upon which construction was

being performed. Rae Homes, f/k/a Rae Incorporated was the general contractor for the Property, and hired TDM, a subcontractor, to perform construction services.[1] TDM, in turn, employed Mr. Muth to assist with the construction services. On or about February 2, 2008, Mr. Muth was working at the Property, on the highest point of the roof of the house, approximately 30 feet above the ground. He was "without proper clothing, footwear, safety equipment, tools and/or other safety apparatus." Compl. at ¶ 9. He slipped and fell to the ground, suffering severe and disabling injuries.[2] Mr. Muth brings claims against TDM and Rondel for negligence, against Rondel for negligent supervision and respondeat superior, and against unknown Defendants who may have contributed to Mr. Muth's injuries and damages. Rondel brings a cross-claim against TDM, asserting that Rondel should be indemnified by TDM for Mr. Muth's claims.

Rondel's cross-claim is based on a clause in the Insurance and Indemnification

---

[1] The parties assert different facts with respect to their roles and relationships. Mr. Muth's Complaint alleges that Rondel was both the owner and general contractor for the Property, and was erecting a house on that Property. However, Rondel denies that it was the general contractor, and also denies that it was erecting a house on the Property. Am. Answer at ¶ 5. Instead, Rondel asserts, upon information and belief, that Rae was the general contractor for the Property. Rondel further asserts that Rae hired TDM to perform construction services on the Property.
   The only facts that reasonably set forth the relationships between Rondel, Rae, and TDM, given the filings of the parties and the language of the indemnification clause, appear to be the facts set forth in paragraphs five and six of Rondel's Amended Answer (these paragraphs reflect that Rae, not Rondel, was the general contractor for the time period in question). The parties did not dispute these facts during the oral argument, and in any case, the identity of the general contractor does not affect the Court's analysis here.

[2] Mr. Muth's alleged injuries include, but are not limited to: "two fractures of his right femur; a fractured ulna of the right arm; a fractured radius of the right arm; a right sacral fracture; bilateral pubic ramus fractures; bruises; contusions; damage to his groin, genitalia, and/or penis resulting in erectile dysfunction; post-traumatic stress disorder; depression; fear; anxiety and/or other physical, mental and psychic injuries, as a result of which he was rendered sick, sore and disabled, all of which have been to his great financial loss." Compl. at ¶ 11.

Agreement for Subcontractor of Rae, Inc. (the "Agreement"), which was executed between TDM and Rae. This indemnification clause provides:

> To the fullest extend permitted by law, Subcontractor shall indemnify and hold harmless <u>Rae Incorporated</u> and Owner against any claims, damages, losses and expenses, including legal fees, arising out of or resulting from performance of subcontracted work to the extent caused in whole or in part by the Subcontractor or anyone directly or indirectly employed by the subcontractor.

Am. Answer at Ex. B (emphasis in original).

TDM moves to dismiss all claims asserted against it, on the grounds that the referenced indemnification clause does not cover claims brought by TDM's own employees, and TDM is therefore immune from liability under the Pennsylvania Workers' Compensation Act.

Mr. Muth takes no position on the dismissal of TDM. Mr. Muth executed a Stipulation to Dismiss TDM Construction on or about June 25, 2008; however, Mr. Muth did not oppose Rondel's subsequent written request to the Court to vacate the Stipulation. The dismissal was vacated pursuant to an Order entered July 18, 2008.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957). Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964–65 (2007) (quoting <u>Conley</u>, 355 U.S. at 47). While a complaint need not contain detailed factual allegations, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." <u>Id.</u> at 1965

(citations omitted).

In making such a determination, courts "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183–84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

To evaluate a motion to dismiss, the Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

TDM argues that it is immune from liability for all claims asserted by Mr. Muth and

Rondel, on the grounds that the Agreement does not specifically waive TDM's workers' compensation immunity or indemnify tort actions brought by TDM's own employees.[3]  The exclusivity provision of the Pennsylvania Workers' Compensation Act bars "tort actions flowing from any work-related injury."  Snare v. Ebensburg Power Co., 431 Pa. Super 515, 520; 637 A.2d 296, 298 (Pa. Super. 1993) (internal citations omitted).  A tort action may only be brought against an employer for a work-related injury if the employer's liabilities for damages, contributions or indemnity are "expressly provided for in a written contract" entered into by the employer "prior to the date of the occurrence which gave rise to the action."  77 Pa. Stat. Ann. 481(b) (2008).[4]

Although the Workers' Compensation Act itself does not indicate which contractual

---

[3] TDM asserts that Rondel is not actually mentioned in the indemnification clause.  Rondel counters that, because Rondel is the owner of the Property, Rondel is mentioned in the indemnification clause through use of the word, "owner" (the clause states, "subcontractor [TDM Construction] shall indemnify and hold harmless Rae Incorporated and owner [Rondel].").  Third Circuit caselaw does not require that an indemnification clause actually include the proper name of a party in order to be applied to that party.  See Kiewit E. Co., Inc. v. L & R Constr. Co., 44 F.3d 1194, 1201 (3d Cir. 1995) (construing an indemnification clause to require the subcontractor employer, L&R Construction, to indemnify the general contractor, Kiewit/Perini, when the parties were identified only as "Subcontractor" and "Contractor" in the contract).  However, ultimately, this dispute over the superficial scope of the clause does not govern the outcome of the overarching dispute between TDM and Rondel for reasons discussed infra.

[4] Section 481(b) of the Workers' Compensation Act provides,

In the event injury or death to an employee is caused by a third-party, then such employee, his legal representative, husband or wife, parents, dependants, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third-party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 Pa. Stat. Ann. 481(b) (2008).

language will "expressly provide" for an employer's assumption of tort liability, "[b]lanket indemnity clauses will not create liability. The parties must specifically utilize language which indicates that the employer/alleged indemnitor intends to indemnify the third party against claims by employees of the alleged indemnitor; this must clearly appear from the terms of the agreement." Snare, 637 A.2d at 299.

Pennsylvania caselaw makes clear that, for an indemnification clause to require an employer to indemnify claims brought by the employer's own employees, the clause must either explicitly state that it covers such claims, or state that the employer's indemnity obligations are not limited by the protections of the Workers' Compensation Act. "Case law has established that the indemnity provision in the Workmen's Compensation Act must be construed strictly, and general indemnity language such as 'any and all' or 'any nature whatsoever' is insufficient." Bester v. Essex Crane Rental Corp., 619 A.2d 304, 307 (Pa. Super. 1993). "The intent to indemnify against claims by employees of the alleged indemnitor . . . must clearly appear from the terms of the agreement." Id. In Bester, discussed in the briefs of both TDM and Rondel, the Pennsylvania Superior Court held that the following indemnification clause did not overcome the immunity provision of the Workers' Compensation Act:

> The Lessee [Russell] shall defend, indemnify and hold forever harmless Lessor [Essex] against all loss, negligence, damage, expense, penalty, legal fees and costs, arising from any action on account of personal injury or damage to property occasioned by the operation, maintenance, handling, storage, erection, dismantling or transportation of any Equipment while in your possession. Lessor shall not be liable in any event for any loss, delay or damage of any kind or character resulting from defects in or inefficiency of the Equipment hereby leased or accidental breakage thereof.

Id. at 306 (brackets in original). Although the indemnity provision purported to cover "**all** loss, negligence, damage, expense . . . occasioned by the operation, maintenance, handling . . .of any

Equipment" (emphasis added), the court found that coverage did not extend to claims brought by the Lessee's own employees.  The court stated that the language of the contract was not sufficiently specific to waive the "employer's protection from double responsibility" that is afforded by the Workers' Compensation Act. Id. at 309.

Similarly, in Gulf Interstate Field Servs. v. Hankels & McCoy, Inc., No. 98-651, 1998 U.S. Dist. LEXIS 5360 (E.D. Pa. Apr. 17, 1998), the court found that an indemnification clause applying to "claims, demands and causes of action **of every kind and character**" did not require an employer to indemnify for tort claims brought by the employer's own employees.  Id. at **3, 7 (emphasis added).  Other Pennsylvania law-based cases in this District have followed suit, making clear that indemnification clauses that apply to "all," "any" or "every" claim do not encompass claims made by an employer's employees, unless expressly stated.  See, e.g., Passman v. Rigging Int'l Inc., No. 98-4953, 1999 U.S. Dist. LEXIS 9046, at **16–17 (E.D. Pa. June 8, 1999) (indemnification clause applying to "**any and all** claims, charges, liabilities and or damages **of any kind or nature whatsoever** on account of the operations of Seller…or his...agents or employees" did not waive the seller's protections under the Workers' Compensation Act because it did not specifically state that the seller would indemnify defendant for claims by seller's own employees) (emphasis added, alterations in original); Campano v. PHC Co., No. 97-4834, 1998 U.S. Dist. LEXIS 12976, at **8–9  (E.D. Pa. Aug. 20, 1998) (subcontractor's agreement to indemnify contractor for claims of "**any and all persons**, whether employees of [contractor] or others,  arising out of…the performance of the work undertaken by [subcontractor]" did not specifically state that subcontractor would indemnify claims brought by its own employees); USX Corp. v. International Ins. Co., No. 94-5534, 1996 U.S. Dist. LEXIS

3435, at *11 (E.D. Pa. Mar. 21, 1996) (indemnification clause that indemnified plant owner for "**any and all claims**…occasioned by the performance of the work under the agreement" did not require employer to indemnify owner for claims brought by the employer's own employees).

These cases all demonstrate that generic language in an indemnification clause is insufficient to waive an employer's immunity under the Workers' Compensation Act. Such immunity <u>may</u> be waived, however, through the use of specific contractual language. An indemnification clause may require an employer to indemnify tort claims made by the employer's own employees when the clause explicitly states that it applies to such claims, or when the clause explicitly states that the employer waives the protections of the Workers' Compensation Act. <u>Kiewit E. Co., Inc. v. L & R Constr. Co</u>., 44 F.3d 1194, 1200 (3d Cir. 1995) (finding that an indemnification clause waived the protections of the Act when it stated that the obligation to defend and indemnify "shall not be limited by the provisions of any Workers' Compensation Act or similar statute"); <u>Hackman v. Moyer Packing</u>, 621 A.2d 166 (Pa. Super. Ct. 1993) (finding that indemnification provision was sufficient to impose liability on the employer because the language specifically stated that the owner would be indemnified for liability stemming from injury to the employer's employees while working on the owner's premises, even if the owner was negligent). <u>See</u> also <u>Bethlehem Steel Corp. v. Matx, Inc.</u>, 703 A.2d 39, 43–44 (Pa. Super. 1997) (same).

In response to TDM's Motion to Dismiss, Rondel argues that "[i]t is obvious from the title of the agreement as well as the specific indemnification clause . . . that the intent was to protect both the general contractor Rae, and the owner Rondel from any claims 'resulting from performance of subcontracted work." Mem. of Law in Supp. of Resp. in Opp'n. of Def. Rondel at 6. Rondel emphasizes the specific language regarding the cause of the claim, pointing out

that the clause applies "to the extent (the claim, damage, loss or expense is) caused in whole or in part by the subcontractor (TDM) or **anyone directly or indirectly employed** by the subcontractor (TDM)."  Mem. of Law in Supp. of Resp. in Opp'n. of Def. Rondel at 2 (emphasis added in Rondel's Memorandum of Law).

This quoted language makes clear that TDM must indemnify claims that are "**caused** in whole or in part," by TDM or any of its employees (emphasis added).  In other words, the clause is specific regarding the **causation** of the claims being indemnified.  However, the clause's specificity regarding causation cannot forgive the clause's lack of specificity regarding potential claimants.  Although Rondel correctly points out that an employer need not "expressly and <u>in haec verba</u> waive the immunity provided by Section 481(b) of the Workmen's Compensation Act," the caselaw discussed above makes clear that an indemnification clause will not be construed to require an employer to indemnify others for claims brought by its own employees unless the clause specifically states that it applies to such claims.   The indemnification clause in this case does not specifically state that it applies to claims brought by TDM's employees; neither does it disclaim the protections of the Workers' Compensation Act.  Instead, the clause here applies to "any claims, damages, losses," etc., similar to the generic indemnification clauses held by Pennsylvania courts to be inapplicable to claims brought by an employer's own employees.

In the face of all the authority discussed above, Rondel fails to cite **any** cases holding that a generic indemnification clause like the one here requires an employer to indemnify an owner for claims brought by the employer's own employees.  Instead, Rondel quotes dicta from four cases cited in TDM's brief, all of which held that indemnification clauses were **inapplicable** to

9

such claims.

The quotations gathered by Rondel stand for nothing more than a recognition that Rondel **could** have crafted an indemnification agreement requiring TDM to indemnify Rondel for Mr. Muth's claims.  However, such an agreement would have had to include language explicitly stating that TDM agreed to indemnify tort claims made by its own employees, or language explicitly stating that TDM agreed to waive the protections of the Workers' Compensation Act.  Kiewit E. Co., Inc. 44 F.3d at 1200; Hackman, 621 A.2d at 382.  The agreement here had no such language.

**CONCLUSION**

For the reasons set forth above, the Court will grant TDM's Motion to Dismiss.  An Order consistent with this Memorandum follows.

                                          BY THE COURT:


                                          S/Gene E.K. Pratter
                                          GENE E. K. PRATTER
                                          UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MUTH, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RONDEL AT ATLAS TERRACE, LLC, | : | |
| ET AL., | : | |
|     Defendants | : | NO. 08-0476 |

**<u>ORDER</u>**

AND NOW, this 8th day of January, 2009, upon consideration of (1) the Plaintiff's Motion to Enforce This Court's November 18, 2008 Order Against Thomas D. Moskella d/b/a TDM Construction and to Pay a Fee for Contempt (Docket No. 34), and (2) the Motion of Defendant, Thomas D. Moskella d/b/a TDM Construction to Dismiss Plaintiff's Complaint and Rondel at Atlast Terrace LLC [sic] Cross-claim for Failure to State a Claim Upon Which Relief Can Be Granted, Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 16), it is hereby ORDERED that

(1) Plaintiff's Motion is GRANTED IN PART and DENIED IN PART and Defendant Thomas D. Moskella d/b/a TDM Construction ("TDM") is ORDERED to produce the requested documents to Plaintiff within 14 days of this Order, but the request for sanctions is denied without prejudice; and

(2) TDM's Motion to Dismiss will be GRANTED, effective as of two business days after

TDM's compliance with paragraph (1) of this Order, which compliance will be recognized upon the Court's receipt of the written representation of TDM's counsel, and acknowledgment in writing by Plaintiff's counsel, that the required production has been made.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
<u>    GENE E. K. PRATTER    </u>
UNITED STATES DISTRICT JUDGE